IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DANIEL REEVES, | * | |
| Plaintiff, | * | |
| v. | * | CV 123-131 |
| DAVID HUGUENIN, PAT GOODWIN, FOUNTAIN LAW FIRM, and SHANNON ROLLINS REAL ESTATE, | * | |
| Defendants. | * | |

O R D E R

Before the Court is Plaintiff's motion for entry of default judgment. (Doc. 8.) The Court construes Plaintiff's motion as seeking both an entry of default and default judgment because, although his motion is titled "Motion for Entry of Default Judg[]ment," Plaintiff states he is moving under Federal Rule of Civil Procedure 55(a), which governs entry of default. (Id. at 1.) For the following reasons, Plaintiff's motion is **DENIED**.

Plaintiff requests the Clerk enter default and default judgment against Defendants David Huguenin, Pat Goodwin, and Shannon Rollins Real Estate.[1] (Id.) Under Rule 55(a), an entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ."

---

[1] Plaintiff does not seek entry of default or default judgment against Defendant Fountain Law Firm. (Doc. 8, at 3.)

Fed. R. Civ. P. 55(a). Rule 55(a) is dispositive of Plaintiff's requests for Defendant Huguenin because he responded to Plaintiff's Complaint (Doc. 1) by filing a motion to dismiss (Doc. 4). Since he has not "failed to plead or otherwise defend" against Plaintiff's allegations, entry of default against Defendant Huguenin is inappropriate.

Although Defendants Goodwin and Shannon Rollins Real Estate have not yet responded to the Complaint, entry of default against them is nevertheless improper. Before a clerk's default can be issued, "the serving party must establish that defaulting party was properly served." FDIC for Hillcrest Bank Fla. v. Colony Corp. Ctr., LLC, No. 2:10-cv-774, 2011 WL 13294823, at *1 (M.D. Fla. Apr. 7, 2011) (citing Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007)). Therefore, before directing the Clerk to enter default, "the Court must first determine whether Plaintiff properly effected service of process." Vilchez v. 3F Mgmt., LLC, No. 2:16-cv-652, 2016 WL 6395351, at *1 (M.D. Fla. Oct. 28, 2016) (citation omitted).

Plaintiff submits an affidavit of service signed by himself, in which he attests "Defendant[s] w[ere] served with a copy of the summons and complaint on September 15, 2023 as reflected on the docket sheet by the proof of service filed on September 15, 2023." (Doc. 8, at 2.) The Court's docket, however, does not have an entry on September 15, 2023. On October 6, 2023, Plaintiff filed

2

a "Certificate of Service Update" — also signed by himself — in which he states "Defendants . . . were served a summons." (Doc. 6, at 1.) This certification is insufficient to prove proper service. Rule 4(c) provides, "[a]ny person who is at least 18 years old *and not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Nothing in Plaintiff's "Certificate of Service Update," or on the docket sheet, shows anyone other than Plaintiff attempted to effect service. Because Plaintiff has not shown Defendants Goodwin or Shannon Rollins Real Estate were served in compliance with Rule 4, default is improper against them. Because entry of default is improper against all Defendants, default judgment is too. See Am. Deli Int'l, Inc. v. Jay & Young Grp., LLC, No. 1:13-CV-02302, 2014 WL 12098959, at *5 (N.D. Ga. Apr. 24, 2014) (explaining entry of default must be issued by the clerk under Rule 55(a) before default judgment can be entered under either Rule 55(b)(1) or (b)(2)).

For the foregoing reasons, Plaintiff's motion for entry of default judgment (Doc. 8) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of November, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3