IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DANIEL REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-131 |
| | ) | |
| DAVID HUGUENIN; PAT GOODWIN; | ) | |
| FOUNTAIN LAW FIRM; and | ) | |
| SHANNON ROLLINS REAL ESTATE, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Defendant David Huguenin moves to stay all discovery related activities, including compliance with an incomplete subpoena and participation in the planning conference and the submission of the requisite discovery plan under Fed. R. Civ. P. 26(f) and Loc. R. 26.1 and, pending resolution of his motion to dismiss. Defendants Goodwin and Shannon Rollins Real Estate have not appeared,[1] and Defendant Fountain Law Firm has specially appeared only to contest motion to for entry of default judgment, (doc. no. 11). The Court **GRANTS** the motion to stay as described below. (Doc. nos. 23-1, 23-2.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

---

[1]On November 2, 2023, in denying Plaintiff's motion for entry of default judgment, Chief United States District Judge J. Randal Hall ruled Plaintiff had not established proper service had been effected in compliance with Federal Rule of Civil Procedure 4 on Defendants Goodwin or Shannon Rollins Real Estate. (Doc. no. 12, p. 3.)

>balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the motion to dismiss, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, the motion has the potential to be dispositive of the entire case based on an alleged lack of federal subject matter jurisdiction. (See doc. no. 4.) It makes little sense to forge ahead with full discovery in this context because of the substantial risk that much time and money could be wasted. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (per curiam) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **STAYS** all aspects of discovery in this action pending resolution of the Defendant Huguenin's motion to dismiss, (doc. no. 4), and to the extent there was any question that compliance with the subpoena attached as an exhibit to the motion to stay was not required in light of the fact that it does not list a date and time for the production of documents or inspection of premises, the discovery stay imposed by this order clarifies no

2

response to that subpoena is required.[2]  If any portion of the case is to continue after resolution of the motion to dismiss, the remaining parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling.  In the event the presiding District Judge, in his ruling on the pending dispositive motion, provides further instructions to the parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling.

SO ORDERED this 5th day of December, 2023, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]The Court informs Plaintiff there is an order in place in the Southern District that requires a *pro se* litigant seeking issuance of a subpoena to explain the necessity therefor, *ex parte*, in writing to the Court, and the Court will decide to either issue or deny the issuance of the requested subpoena.  See MC 496-06 (S.D. Ga. Jan. 16, 1996).  The Court **DIRECTS** the **CLERK** to attach a copy of that order to the service copy of this Order.