IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DANIEL REEVES,                     *
                                   *
        Plaintiff,                 *
                                   *
        v.                         *          CV 123-131
                                   *
DAVID HUGUENIN, PAT GOODWIN,       *
FOUNTAIN LAW FIRM, and SHANNON     *
ROLLINS REAL ESTATE,               *
                                   *
        Defendants.                *
                                   *

---

**O R D E R**

---

Before the Court are Defendant David Huguenin's motion to dismiss for lack of subject matter jurisdiction (Doc. 4), Plaintiff's motion for joinder (Doc. 7), Plaintiff's motion for correction (Doc. 13), and Plaintiff's motion to transfer venue (Doc. 27). For the following reasons, Defendant Huguenin's motion is **GRANTED** and Plaintiff's motions are **DENIED**.

**I. BACKGROUND**

On September 12, 2023, Plaintiff, proceeding *pro se*, filed suit against Defendants in this Court under 28 U.S.C. § 1332. (Doc. 1, at 3.) Plaintiff alleges he is a resident of Georgia and Defendants Pat Goodwin and Huguenin are citizens of Georgia. (Id. at 1-2, 7.) He also alleges Defendants Fountain Law Firm and

Shannon Rollins Real Estate are located in South Carolina. (<u>Id.</u> at 2-3, 7.) Plaintiff contends the amount in controversy exceeds $75,000, not including interest and costs. (<u>Id.</u> at 9-10.) Plaintiff brings claims for a dispute over an easement of real property and alleges Defendants Goodwin and Huguenin misled, misinformed, misdirected him, and lied concerning a non-party's interest in his real property and then gave the property to the non-party. (<u>Id.</u> at 7, 18.)

On October 3, 2023, Defendant Huguenin moved to dismiss for lack of subject matter jurisdiction. (Doc. 4.) On October 10, 2023, Plaintiff moved for joinder of Millie Moore and Ingrid Espina as plaintiffs and Wesley Fountain as a defendant. (Doc. 7.) Defendant Huguenin opposed Plaintiff's motion for joinder. (Doc. 10.) On November 6, 2023, Plaintiff filed a motion for correction of the record, which Defendant Huguenin also opposed. (Docs. 13, 14.) On March 6, 2024, Plaintiff moved to transfer venue to the Northern District of Georgia, Newnan Division, which again Defendant Huguenin opposed. (Docs. 27, 28.)

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." <u>Kokkonen v. Guardian Life Ins. of Am.</u>, 511 U.S. 375, 377 (1994) (citations

omitted).   Federal Rule of Civil Procedure 12(b)(1) permits litigants to move for dismissal when the court lacks jurisdiction over the subject matter of the dispute. FED. R. CIV. P. 12(b)(1). "A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

Federal district courts have jurisdiction over all civil actions: (1) "arising under the Constitution, laws, or treaties of the United States"; and (2) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. §§ 1331, 1332.

To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 182 (1936); see also FED. R. CIV. P. 8(a) (stating that a pleading must contain "a short and plain statement of the grounds on which the court's jurisdiction depends"). On a motion to dismiss for lack of subject matter jurisdiction, the burden remains on the plaintiff to show that the court's limited federal jurisdiction has been properly invoked. Sweet Pea Marine, Ltd. V. APJ Marine, Inc., 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).

### III. DISCUSSION

Defendant Huguenin argues this action should be dismissed pursuant to Rule 12(b)(1) because complete diversity does not exist. (Doc. 4, at 2.) Even though only Defendant Huguenin has moved to dismiss on these grounds, the Court considers its jurisdiction over all Defendants because when it appears subject matter jurisdiction may be lacking, "a federal court must inquire *sua sponte* into the issue." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (citation omitted). Plaintiff indicated in his complaint that this Court has diversity jurisdiction, and in his responses and filings, Plaintiff repeatedly references diversity jurisdiction as the basis for this Court's jurisdiction. (Doc. 1, at 3, 7, 18; Doc. 18, at 2; Doc. 22, at 1.) Plaintiff further argues dismissal of Defendant Huguenin "under Diversity of Citizenship would be unfair and unequal treatment to the other [D]efendants as well as . . . Plaintiff." (Doc. 18, at 2.) However, in his complaint, Plaintiff also lists the Civil Rights Act of 1964, "all laws pertaining to ownership of private property," and the First Amendment as federal laws pertaining to jurisdiction via federal question. (Doc. 1, at 3.) Plaintiff also alleges Defendants' actions pertaining to the property and contract disputes "could be misconstrued as discriminatory and prejudicial treatment of an elderly veteran with targeted disabilities incurred in service and of his cultural

4

and racially diverse family." (Id. at 7.) Plaintiff more specifically argues that this case "pertains to a federal question" because Defendants blocked communications between Plaintiff and Ingrid Espina to stop negotiations between them in violation of the First Amendment, and Defendants' actions in ignoring and avoiding contact with Plaintiff and allegedly price gauging the sale of another property to his son constituted a violation of the Civil Rights Act of 1964.[1] (Doc. 22, at 1-3.) Because Plaintiff is proceeding *pro se* and is entitled to a more liberal reading of his pleadings, the Court will analyze whether he properly pleaded jurisdiction under either § 1331 or § 1332. Bennick v. Boeing Co., 504 F. App'x 796, 798 (11th Cir. 2012) (citing Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990)). The Court will address Plaintiff's motions once it determines jurisdiction.

## A. Diversity Jurisdiction

28 U.S.C. § 1332(a)(1) provides the Court original jurisdiction over civil cases "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." "Diversity jurisdiction, as a general rule, requires complete diversity — every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth. of

---

[1] Plaintiff also argues "Defendants violated Title 10 GCA § 21002 and all other laws regarding elder abuse of finances and property." (Doc. 22, at 3.) Title 10 GCA § 21002 is a Guam statute and does not confer federal question to the Court.

Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994) (citation omitted). An individual's citizenship is equivalent to "domicile" for § 1332 purposes, "[a]nd domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting McCormick v. Aderholt, 293 F.3d 1254, 1258 (11th Cir. 2002)). Under § 1332(c), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, allegations regarding the citizenship of a corporation must set out the principal place of business and the state of its incorporation. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (citing 28 U.S.C. § 1332).

Plaintiff lists his residence as Augusta, Georgia. (Doc. 1, at 1.) He alleges Defendant Goodwin is a citizen of Georgia, Defendant Huguenin is a citizen of Georgia, Defendant Fountain Law Firm is located in South Carolina, and Defendant Shannon Rollins Real Estate is located in South Carolina. (Id. at 7.) Plaintiff's allegations are insufficient to establish his own citizenship or the citizenship of Defendants Fountain Law Firm or Shannon Rollins Real Estate. Plaintiff alleges only that his residency is in Georgia. (Id. at 1.) Residence alone, however, is not enough to establish citizenship for § 1332 purposes. See Travaglio, 735 F.3d at 1269 (citations omitted). An individual establishes

6

citizenship in a state when the individual resides in that state with an intent to remain there indefinitely.   Id. (quoting McCormick, 293 F.3d at 1257–58).   Indeed, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367.  Because Plaintiff alleges his residency but does not allege his citizenship or his intent to remain in Georgia indefinitely, Plaintiff has not sufficiently alleged his citizenship for § 1332 purposes.

Furthermore, Plaintiff provides the "corporations" of Fountain Law Firm and Shannon Rollins Real Estate are both located in South Carolina.[2]   (Doc. 1, at 2–3, 7.)   "Location," however, does not establish the citizenship of a corporation.   Rather, Plaintiff must set out the principal place of business and the state of incorporation to properly allege Defendants Fountain Law Firm and Shannon Rollins Real Estate's citizenships. Taylor, 30 F.3d at 1367.   Because Plaintiff failed to do so, he has not sufficiently alleged Defendants Fountain Law Firm and Shannon Rollins Real Estate's citizenships.

Even if Plaintiff sufficiently alleged he is a Georgia citizen and Defendants Fountain Law Firm and Shannon Rollins Real Estate are South Carolina citizens, § 1332 still would not apply because

---

[2] It is unclear if these entities are actually structured as corporations, but because Plaintiff refers to them as such the Court analyzes its jurisdiction over these entities as though they are.

the Parties would not be completely diverse.  <u>Palmer</u>, 22 F.3d at 1564 (citation omitted).  Defendants Goodwin and Huguenin are both Georgia citizens as is Plaintiff. (Doc. 1, at 1, 7.)  Accordingly, because plaintiff is not diverse from each and every defendant, complete diversity is lacking.  See <u>Palmer</u>, 22 F.3d at 1564 (citation omitted).  Therefore, Plaintiff failed to carry his burden of proving the Court has diversity jurisdiction over his claims.  See <u>McCormick</u>, 293 F.3d at 1257 (citing <u>Scoggins v. Pollock</u>, 727 F.2d 1025, 1026 (11th Cir. 1984)).

## B. Federal Question Jurisdiction

28 U.S.C. § 1331 gives district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  To decide whether a claim arises under federal law, a court must determine "whether a federal question appears on the face of the plaintiff's well-pleaded complaint." <u>Resnick v. KrunchCash, LLC</u>, 34 F.4th 1028, 1034 (11th Cir. 2022) (quoting <u>Cmty. State Bank v. Strong</u>, 651 F.3d 1241, 1251 (11th Cir. 2011)). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987) (citations omitted); see also <u>Merrell Dow Pharms. Inc. v. Thompson</u>, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." (citations omitted)).  Even when only state-law claims are asserted

8

in a complaint, the case "might still 'arise under' the laws of the United States if a well-pleaded complaint established that [the] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 13 (1983).

The Eleventh Circuit has further instructed "it is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether a court can hear a claim." DeRoy v. Carnival Corp., 963 F.3d 1302, 1311 (11th Cir. 2020) (citations omitted).  General reference to federal law does not automatically invoke federal jurisdiction.  See Thompson, 478 U.S. at 813 ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." (citations omitted)); see also Hansard v. Forsyth Cnty., 191 F. App'x 844, 846 (11th Cir. 2006) (declining to find federal jurisdiction where recovery was based on a Georgia statute, even though the complaint stated that "Defendant's arbitrary and capricious acts have violated Plaintiffs' rights under . . . the United States Constitution, including U.S. Const. amend. V and amend. XIV, § 1").  A claim that appears to invoke federal question jurisdiction may be dismissed for lack of subject matter jurisdiction if "(1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely

for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (emphasis omitted) (internal quotation marks and citation omitted).  Under the second prong, "subject matter jurisdiction is lacking only if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." Id. (internal quotation marks and citations omitted).

In his complaint, Plaintiff lists the Civil Rights Act of 1964, "all federal laws pertaining to ownership of private property," and the First Amendment as specific federal law giving rise to federal question jurisdiction.  (Doc. 1, at 3.) Plaintiff's claims are based solely on Defendants' alleged failure to uphold a negotiated agreement pertaining to property and to nullify an existing easement.  (Id. at 7–11, 18.)  These are state law claims.  Although Plaintiff attempts to invoke federal question jurisdiction by referencing constitutional violations and federal statutes, "[t]he mere mention of a federal statute in a complaint does not create federal question jurisdiction." Kumar v. Chase Bank, N.A., No. 8:13-cv-2205, 2013 WL 4670193, at *1 (M.D. Fla. Aug. 28, 2013) (citing Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994)).  "Rather, federal question jurisdiction requires that a party assert a substantial federal claim." Id. (citing Hagans v. Lavine, 415 U.S. 528, 536 (1976); Baker v. Carr, 369 U.S. 186,

199 (1962)).  For a case to "arise under" federal law, federal law must have created the cause of action alleged.  Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing Franchise Tax Bd., 463 U.S. at 8-10).

Neither the Civil Rights Act of 1964, the First Amendment to the United States Constitution, nor any other federal law creates Plaintiff's causes of action.  Plaintiff's allegations of "discrimination" under the Civil Rights Act of 1964 are nothing more than broad stroke accusations of wrongdoing by Defendants stemming from his frustrations with the underlying property dispute, contract dispute, and society as a whole.  (Doc. 1, at 7-11; Doc. 22, 1-3.)  Plaintiff's Civil Rights Act allegations "clearly appear[] to be immaterial and made solely for the purpose of obtaining jurisdiction."  Sanders, 138 F.3d at 1352 (emphasis omitted) (internal quotation marks and citations omitted). Moreover, allowing Plaintiff to rely on these bare allegations of "discrimination" as a Trojan Horse into federal court when his cause of action involves solely state-law claims undermines the purpose of federal courts' limited jurisdiction.  Kokkonen, 511 U.S. at 377.

As to Plaintiff's contention that Defendants blocked communication between owners of properties on Mock Road in violation of the First Amendment, this allegation is without merit because Defendants are not state actors.  Am. Mfrs. Mut. Ins. Co.

11

v. Sullivan, 526 U.S. 40, 50 (1999) (explaining that constitutional violations, as made actionable under § 1983, exclude from its reach "merely private conduct, not matter how discriminatory or wrongful" (citation omitted)); Sanders, 138 F.3d at 1352 (11th Cir. 1998) (explaining dismissal under Rule 12(b)(1) is proper when "a prior Supreme Court decision clearly forecloses the claim" (citations omitted)). For the same reason, Plaintiff's allegation "all laws pertaining to ownership of private property," which without further argument or information the Court concludes pertains to the rights to property outlined in the Fifth and Fourteenth Amendments, also fails. (Doc. 1, at 3.)

In sum, Plaintiff's claims arise under Georgia property law and not federal law, and any reference to federal law exists only to highlight the extent of Defendants' alleged misconduct. Plaintiff has not carried his burden of proving the Court has subject matter jurisdiction over his claims against Defendants. See McCormick, 293 F.3d at 1257 (citing Scoggins, 727 F.2d at 1026).

## C. Plaintiff's Motions

In response to Defendant Huguenin's motion to dismiss, Plaintiff moved for joinder (Doc. 7) and moved for correction (Doc. 13). First, in his motion for joinder, Plaintiff moves to add Millie Moore and Ingrid Espina as plaintiffs, and Wesley Fountain as a defendant. (Doc. 7, at 1-2.) Plaintiff does not allege the

12

citizenship of any of these parties. (See id.) Even if he did, he does not bring any new claims against the newly proposed defendant that would provide the Court jurisdiction, nor does he remove any of the non-diverse parties. (See id.) Second, as to Plaintiff's motion for correction (Doc. 13), the purpose of this motion is not entirely clear. The Court construes Plaintiff's motion as a motion to amend his complaint. However, Plaintiff's proposed "amendments" only add to his state law claims and do not provide any basis for jurisdiction. (See id.) Because these motions do not correct Plaintiff's insufficient jurisdictional pleadings, the Court declines to address the other arguments raised by them and **DENIES** these motions. (Docs. 7, 13.) Moreover, because Plaintiff failed to establish the Court's jurisdiction, the Court **GRANTS** Defendant Huguenin's motion to dismiss. (Doc. 4.) Because the Court lacks jurisdiction, Plaintiff's motion to transfer (Doc. 27) is **DENIED AS MOOT**.


## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant David Huguenin's motion to dismiss (Doc. 4) is **GRANTED**, Plaintiff's motion for joinder (Doc. 7) and motion for correction (Doc. 13) are **DENIED**, and Plaintiff's motion to transfer (Doc. 27) is **DENIED**

**AS MOOT**.   The Clerk is **DIRECTED** to **TERMINATE** all remaining pending motions, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of May, 2024.


_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

14